UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| AHMAD CHEBLI,<br><br>*Plaintiff*,<br><br>v.<br><br>CHARLES KABLE, IV,<br>  in his official capacity as DIRECTOR OF THE TERRORIST SCREENING CENTER, *et al.*,<br><br>*Defendants*. | No. 1:21-cv-00937-JEB |

## NOTICE OF VOLUNTARY DISMISSAL

Pursuant to Rules 41(a)(1)(A)(i) and 41(a)(1)(B) of the Federal Rules of Civil Procedure, Plaintiff Ahmad Chebli submits this notice of voluntary dismissal of all claims, without prejudice, in the above captioned case.

On April 6, 2021, Mr. Chebli filed this action challenging the government's unlawful conduct in placing him on the No Fly List and its failure to provide a fair, meaningful, and timely process to contest that placement in violation of the Fifth Amendment guarantee of due process and the Administrative Procedure Act. Mr. Chebli also challenged the government's use of vague criteria to place him on the No Fly List in violation of the Fifth Amendment. Because the government placed Mr. Chebli on the No Fly List after he rejected Federal Bureau of Investigation ("FBI") agents' repeated coercive pressure to work for the agency as an informant, he challenged the government's conduct as retaliation in violation of the First Amendment. Finally, because Mr. Chebli's placement on the No Fly List effectively banned him from

traveling to fulfill his religious pilgrimage obligation, he challenged the government's conduct as violating the Religious Freedom Restoration Act.

In August 2018, FBI agents approached Mr. Chebli, a U.S. citizen of Lebanese descent, and asked him to participate in what became a series of meetings. Mr. Chebli did not think he could refuse to meet with the FBI agents. The agents questioned Mr. Chebli about his political and religious beliefs, associations, and the years he spent living in Lebanon as a student. They accused him of affiliation with a terrorist group, which shocked Mr. Chebli and which he vehemently denied. Throughout the meetings, the FBI agents attempted to coerce Mr. Chebli to work as an informant for the agency. Mr. Chebli refused because working for the FBI as an informant in his community would violate his personal ethics. The FBI agents told him that he faced a choice: he could remain in the United States and become an FBI informant, in which case the FBI's suspicions would "go away," or he could leave the United States. FBI agents repeatedly threatened that if Mr. Chebli chose not to become an informant, he and his family would be subjected to increased FBI surveillance and investigation, including possible negative consequences for his wife's immigration status.

Under the FBI's threats and pressure, Mr. Chebli became increasingly worried for his family's safety and felt helpless to protect them. He sent his wife and children to Lebanon. Hoping to avoid further coercive FBI measures, Mr. Chebli later followed his family to Lebanon. A month later, in November 2018, Mr. Chebli attempted to return home but was denied boarding. As a result, he was stranded in Lebanon for over a month, during which time the U.S. government confirmed that he had been placed on the No Fly List. With the assistance of counsel, Mr. Chebli was able to obtain a one-time waiver to fly home.

Because the government placed Mr. Chebli on the No Fly List, he was unable to travel to see family and friends or fulfill his religious pilgrimage obligation, which is a tenet of his Muslim faith. He also feared negative impacts on his employment due to the inability to fly. In short, Mr. Chebli was unable to exercise his constitutionally protected liberty interests in travel and freedom from government-imposed stigma.

Over two years ago, in November 2018, Mr. Chebli filed an administrative petition for redress, through the Department of Homeland Security Traveler Redress Inquiry Program ("DHS TRIP"). Although the government had confirmed that Mr. Chebli was on the No Fly List, it then failed to provide any reason for placing him on the List or any fair process to challenge that placement. On January 15, 2021, Mr. Chebli submitted another redress request to DHS TRIP, but again received no information and no meaningful process. As a result, Mr. Chebli was subjected to unreasonable and lengthy delays and an opaque redress process that prevented him from clearing his name. In this way, Mr. Chebli's situation was similar to that of others seeking to challenge their placement on the No Fly List. Under the government's redress process, people seeking removal from the No Fly List may never receive notice of the reasons for their placement on the List, evidence supporting—or undermining—any such reason, or a live hearing before a neutral decision-maker.

Ten days after Mr. Chebli filed this lawsuit, the government finally responded to his years-old petition for redress. In a letter to Mr. Chebli, the government stated that he "no longer satisf[ied] the criteria for placement on the No Fly List" and that he has "been removed from the No Fly List, and will not be placed back on the No Fly List based on currently available information."

Accordingly, Plaintiff Chebli now voluntarily dismisses this case without prejudice.

Dated: May 12, 2021

Respectfully submitted,

*/s/ Hina Shamsi*
Hina Shamsi (D.C. Bar No. MI0071)
Sana Mayat
Hugh Handeyside
American Civil Liberties Union Foundation
125 Broad Street, 18th Floor
New York, NY 10004
(212) 549-2500
hshamsi@aclu.org
smayat@aclu.org
hhandeyside@aclu.org

Arthur B. Spitzer (D.C. Bar No. 235960)
American Civil Liberties Union
 of the District of Columbia
915 15th Street, NW, 2nd Floor
Washington, D.C. 20005
(202) 601-4266
aspitzer@acludc.org

Daniel S. Korobkin
American Civil Liberties Union
 Fund of Michigan
2966 Woodward Avenue
Detroit, MI 48201
(313) 578-6824
dkorobkin@aclumich.org
(L.R. 83.2(c)(1) attorney)

*Counsel for Plaintiff*